# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BILLY EARLEY,

                    Plaintiff,

         v.

CALIFORNIA SUPERIOR
COURT JUDGE GODOFREDO
MAGNO,

                    Defendant.

CASE NO. 5:25-cv-00083-AB (SK)

**ORDER DISMISSING ACTION
FOR LACK OF PROSECUTION
AND FAILURE TO SERVE**

In 2023, Plaintiff Billy Earley initiated an action in Riverside County
Superior Court that was assigned to Superior Court Judge Godofredo
Magno. (*See Earley v. W. Surety Co.*, Case No. CVRI2300237). He
evidently sought, and initially secured, entry of default against a defendant
in that underlying action, but Judge Magno later set that default aside. (ECF
1 at 21-23). Believing that ruling to be wrong, in January 2025, Plaintiff
filed a pro se complaint here, naming Judge Magno as the sole defendant
and alleging multiple acts of judicial abuse or misconduct that Plaintiff says
violated his constitutional rights and other laws. (ECF 1). He was issued a
summons on the paid complaint and ordered to serve Judge Magno by April
2025 in accordance with Federal Rule of Civil Procedure 4(m). (ECF 5 at 2).

After that service deadline passed with no proof of service of his
complaint and summons filed, Plaintiff was ordered to show cause by early
June 2025 why this action should not be involuntarily dismissed for failure
to serve or to prosecute. (ECF 6 at 1). Both the initial order authorizing
service and the subsequent show-cause order warned Plaintiff that failure to

serve his complaint on time or to otherwise comply with court orders could lead to involuntary dismissal of his entire suit.  (ECF 5 at 2, 5; ECF 6 at 1). Yet Plaintiff has—to date—filed no response to the order to show cause, no proof of service of the complaint and summons, and no request for an extension of time to do either.[1]

The Court thus orders this action dismissed for lack of prosecution and failure to serve.  *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); L.R. 41-1; *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (district court has "inherent power" to dismiss cases sua sponte for lack of prosecution).  In so doing, the Court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).

First, "the public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Second, the Court's need to manage its busy docket favors dismissal since Plaintiff's "noncompliance" with court orders and mandatory deadlines "cause[s] the action to come to a complete halt, thereby allowing plaintiff[] to control the pace of the docket rather than the court."  *Id.* Indeed, "resources continue to be consumed by a case sitting idly on the court's docket."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).  Third, a rebuttable presumption of prejudice to Defendant arises when Plaintiff delays prosecution of his complaint.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Fourth, while public policy favors disposition on the merits, it remains Plaintiff's responsibility to move the

---

[1] Meanwhile, the Court received no notice of undeliverable mail or address change to suggest Plaintiff may not have received the Court's orders, including the show-cause order requiring his response by June 2025.

case toward such a disposition.[2]  *See Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Fifth, no sanctions short of dismissal are appropriate.  The Court has twice warned Plaintiff of the potential adverse consequences for failure to prosecute, including involuntary dismissal.  *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992).  It also gave Plaintiff several months beyond the typical 90-day service deadline to provide proof of service under Federal Rule of Civil Procedure 4.  *See id.*

For all these reasons, the complaint is ordered DISMISSED for failure to serve and lack of prosecution.  Judgment dismissing this action without prejudice will be entered accordingly.

IT IS SO ORDERED.

DATED: July 30, 2025

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
United States Magistrate Judge

---

[2] Indeed, even though Plaintiff is proceeding pro se, it is his duty to properly serve Defendant.  *See* Fed. R. Civ. P.4(c)(1); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure.").